UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Saad Moussa

   v.                                                    Civil No. 12-cv-15-JL

Warden, New Hampshire State Prison


**O R D E R**

Before the court is Saad Moussa's petition for a writ of habeas corpus and attachments thereto (doc. no. 1), filed pursuant to 28 U.S.C. § 2254.[1]  The petition is here for preliminary review to determine whether or not Moussa's claims are facially valid and cognizable in an action for federal habeas relief pursuant to § 2254.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

In a report and recommendation issued this date, the court has identified the claims set forth in Moussa's petition.  The court has also found that Moussa has asserted a number of state law claims, which should be dismissed because they are not cognizable in a 28 U.S.C. § 2254 action.  Finally, the court has found that Moussa has failed to demonstrate that he has

---

[1] Pursuant to Fed. R. Civ. P. 10(c), the attachments will be considered to be part of the petition for all purposes.

exhausted the remainder of his claims.  For reasons stated in the report and recommendation, the court grants Moussa leave to amend his complaint to demonstrate that the state court remedies as to all of his federal claims have been exhausted or to seek a stay in this matter so that he may return to the state courts to exhaust his remedies as to those claims.

    Moussa is accordingly directed that, within thirty days of the date of this order:

>    1.   If he has previously raised all of the federal claims asserted in his federal petition in the NHSC, Moussa must amend his petition to show that he has exhausted his state court remedies for his federal claims.  To do so, Moussa should file, as exhibits to his petition in this court, any motions, notices of appeal, briefs, state court decisions, or other documents, which demonstrate that his federal claims have been presented to the NHSC.
>
>    2.   If Moussa has not yet exhausted his state court remedies on his federal claims, and seeks to do so, he must move to stay this action so that he may return to the state courts to exhaust his federal claims.

Should Moussa fail to amend his petition as directed, or otherwise fail to comply with this order, the court will recommend that the petition be dismissed without prejudice for

failure to demonstrate exhaustion of state remedies. See 28 U.S.C. § 2254(b).

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 12, 2012

cc: Saad Moussa, pro se

LBM:jba