UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Saad Moussa

    v.                                                Civil No. 12-cv-15-JL

Warden, New Hampshire State Prison


**REPORT AND RECOMMENDATION**

Before the court is Saad Moussa's petition for a writ of habeas corpus, and attachments thereto (doc. no. 1), filed pursuant to 28 U.S.C. § 2254.[1]  The petition is here for preliminary review to determine whether Moussa's claims are facially valid and cognizable in an action for federal habeas relief pursuant to § 2254.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Discussion**

I.   Procedural Background

On October 8, 2008, Moussa was convicted on one charge of stalking and one charge of witness tampering.  On November 14, 2008, he was sentenced to 3-6 years in prison on one charge, and

---

[1] Pursuant to Fed. R. Civ. P. 10(c), the attachments will be considered to be part of the petition for all purposes.

a concurrent one-year sentence on the other. Moussa appealed his conviction, which was affirmed by the New Hampshire Supreme Court ("NHSC") on November 8, 2011. The NHSC denied Moussa's motion to reconsider on December 7, 2011. This habeas petition followed.

The court notes that Moussa, at some point, was convicted and sentenced to prison on offenses other than those challenged in the instant petition. The precise nature of those prior charges and previous sentences are not part of the record before the court in this case.

II. Standard of Review

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. If the petition is facially valid, the court directs the respondent to answer or otherwise respond thereto. Id. The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. "As a general rule, we are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we

hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pro se pleadings are construed liberally).

III. The Claims

Liberally construed, the court finds that Moussa, in his petition, has raised the following claims for relief[2]:

1.  The trial court erred in its instruction to the jury concerning the offense of witness tampering in a manner that had the effect of amending the indictment returned by the grand jury, in violation of: (a) court rule; and (b) Moussa's Fourteenth Amendment due process rights.

2.  The trial court erred in restricting Moussa's cross-examination of the state's Arabic translator at Moussa's trial, in violation of: (a) the New Hampshire Constitution; (b) New Hampshire Rules of Evidence 401 and 402; and (c) the Sixth Amendment right to confrontation.

---

[2]The court finds that these are the only claims raised in the petition.

    3.    The trial court erred in allowing the state to introduce at trial the state's translator's translation of a phone call, in violation of: (a) court rule; and (b) Moussa's Fourteenth Amendment due process rights.

    4.    The trial court erred in failing to assure that Moussa knowingly and voluntarily waived his right to be represented by counsel at trial, in violation of: (a) the New Hampshire Constitution; (b) Moussa's Sixth Amendment right to counsel; and (c) his Fourteenth Amendment due process rights.

    5.    The sentencing court failed to credit Moussa with 122 days he served in pretrial confinement, as that time had been improperly credited toward another sentence, in violation of: (a) state law; and (b) Moussa's Fourteenth Amendment due process rights.

    6.    The trial court erred by not subpoenaing Moussa's witnesses to testify at his trial, in violation of: (a) the New Hampshire Rules of Evidence; (b) Moussa's Sixth Amendment right of compulsory process; and (c) his Fourteenth Amendment due process rights.

    7.    The trial court erred by imposing Moussa's sentences consecutively to previous sentences, where the mittimuses for the previous sentences did not state that Moussa's future

sentences would be consecutive, in violation of his Fourteenth Amendment due process rights.

8. The trial court erred in refusing to recuse itself, in violation of Moussa's Sixth Amendment right to a fair trial.

9. The trial court erred by denying Moussa rights accruing to him under Miranda v. Arizona, 384 U.S. 436 (1966).

IV. State Law Claims

Federal habeas relief is available only for violations of federal rights. See 28 U.S.C. § 2254(a) (prisoner may seek habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Several claims in Moussa's instant petition are based on alleged violations of rights accruing to Moussa under state law, including the claims numbered 1(a), 2(a)-(b), 3(a), 4(a), 5(a), and 6(a) above. These claims are not cognizable in a federal habeas action and should be dismissed.

V. Federal Claims

A. Custody

To be eligible for habeas relief on his federal claims, Moussa must show that he is in custody in violation of his federal constitutional or statutory rights. See 28 U.S.C.

5

§ 2254(a). Moussa's present incarceration pursuant to the sentence imposed on the challenged conviction satisfies the custody requirement in § 2254(a).

    B.    Exhaustion

In addition to demonstrating that he is in custody, to be eligible for relief in a § 2254 petition, petitioner must show that he has exhausted the remedies available to him in the state courts on his federal habeas claims, or that state corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir.), cert. denied, 132 S. Ct. 426 (2011).

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988); Levesque v. New Hampshire, No. 11-cv-242-PB, 2011 WL 1362471, *3 (D.N.H.

Apr. 11, 2011).  "In order to exhaust a claim, the petitioner must present the federal claim fairly and recognizably to the state courts, meaning that he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question."  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotation marks and citation omitted).  "'The appropriate focus [in an exhaustion inquiry] centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours.'"  Coningford, 640 F.3d at 482 (emphasis in original) (quoting Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989)).

   Moussa states, without documentary support, that he exhausted all of the claims in his federal habeas petition in his direct appeal to the NHSC.  Moussa has attached to this petition the NHSC's opinion affirming his conviction.  See New Hampshire v. Moussa, No. 2008-0898 (N.H. Sup. Ct. Nov. 8, 2011).  The NHSC opinion does not reveal whether the federal nature of any of the claims raised in the petition Moussa filed in this court has been fairly presented to the NHSC for consideration.  Moussa has not attached to his petition any notice of appeal, appendix, brief, or other document filed in the NHSC that

7

demonstrates that the federal habeas claims raised here were specifically presented to that court.

The court may grant a stay in a federal habeas action to allow a habeas petitioner the opportunity to exhaust all of his claims in the state courts. See id. at 278-79.  Accordingly, Moussa will be granted leave, in an order issued simultaneously with this report and recommendation, to file state court documents in this court that demonstrate that each of the federal constitutional claims raised has been exhausted in the state courts, or to request a stay of this matter to allow him to return to the state courts to exhaust his state court remedies on his federal constitutional claims.

### Conclusion

For the foregoing reasons, the court recommends that Moussa's state law claims, numbered 1(a), 2(a), 2(b), 3(a), 4(a), 5(a), and 6(a) above, be dismissed from this action.  In an order issued simultaneously with this report and recommendation, the court grants leave to amend the petition or move for a stay, so that Moussa can demonstrate exhaustion of all of his claims.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 12, 2012

cc: Saad Mouusa, pro se

LBM:jba