UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Saad Moussa</u>

    v.                                              Civil No. 12-cv-015-JL

<u>Warden, New Hampshire State Prison</u>


REPORT AND RECOMMENDATION

Pending before the Court is Saad Moussa's amended habeas petition (doc. no. 40), filed pursuant to 28 U.S.C. § 2254. Before the Court for consideration and a recommendation as to disposition is Respondent's "Motion to Dismiss Claim Eleven as Untimely" (doc. no. 27).  <u>See</u> LR 72.1 (designating magistrate judge to hear and submit proposed findings of fact and recommendations for the disposition of motions to dismiss filed in pro se civil cases).  Petitioner has not objected or otherwise responded to the motion.

BACKGROUND

Moussa's amended habeas petition (doc. no. 40), asserts twelve claims.  Those claims are set forth in this court's January 17, 2014, Order (doc. no. 24) ("January 17 Order"). Claims 1 - 10 and 12, as identified in the January 17 Order, challenge Moussa's October 8, 2008 convictions and sentences on

witness tampering and stalking charges (the "2008 Case") in the Rockingham County Superior Court ("RCSC"). One claim in Moussa's amended petition, however, Claim 11, challenges the adequacy of Moussa's resentencing hearing in a separate criminal case against Moussa, for a charge of stalking upon which he was convicted and sentenced in 2005 (the "2005 Case") in the RCSC. In the motion presently before the court, Respondent seeks dismissal of Claim 11 on the grounds that it is untimely.

In the 2005 Case, Moussa was convicted of felony stalking in August 2005, and sentenced to prison in December 2005. In 2006, Moussa filed an appeal in the New Hampshire Supreme Court ("NHSC") challenging his conviction and sentence in the 2005 Case. See State v. Moussa, No. 2006-0044 (N.H. Sup. Ct.). In 2008, the NHSC reduced the charge of conviction to a misdemeanor, and remanded the case to the RCSC for resentencing on the offense as a misdemeanor. A resentencing hearing was scheduled in the RCSC for December 3, 2008.

On October 6, 2008, at a hearing scheduled in the 2008 case, which was before the same judge as the 2005 case, the Court conducted the resentencing in the remanded 2005 case. On the remanded charge in the 2005 case, the Court, at, or shortly after, the October 6, 2008 hearing, sentenced Moussa to twelve

months in jail, with 365 days credit for time served, and cancelled the scheduled sentencing hearing.

Moussa appealed the resentencing order in the 2005 Case to the NHSC, arguing that the RCSC had violated his state and federal due process rights in the resentencing proceedings. See State v. Moussa, 2008-0806 (N.H. Feb. 11, 2008). In that appeal, Moussa presented the argument to the NHSC that is now contained in Claim 11 in the instant action. See id.; see also January 17 Order (doc. no. 24), p. 3. On February 11, 2008, the NHSC affirmed the RCSC's resentencing order in the 2005 case. State v. Moussa, 2008-0806 (N.H. Feb. 11, 2008). It does not appear that Moussa ever sought a petition for a writ of certiorari in the United States Supreme Court to appeal the NHSC's February 11, 2008, decision.

## DISCUSSION

There is a one-year statute of limitations applicable to § 2254 petitions. See 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run on the date that the petitioner's conviction becomes final upon the conclusion of direct review, or the expiration of time for seeking such review. See id. Excluded from the limitations period is the time during which any relevant state post-conviction proceeding was pending. See

id. § 2244(d)(2). Proceedings filed after the expiration of the statute of limitations do not reset the statute of limitations. See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (citation omitted); Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (citation omitted).

Respondent now argues that the NHSC's February 11, 2008, affirmance of the resentencing order constitutes a final state court decision on the argument presented in Claim 11 here. The court finds that the NHSC decision, affirming the resentencing in the 2005 case, became final ninety days after the February 18, 2010, NHSC decision, on May 19, 2010, when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired. See Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (determining that a petitioner's state court conviction became final when the ninety-day period for seeking certiorari expired) (citing Clay v. United States, 537 U.S. 522, 527 (2003)). Accordingly, the statute of limitations for filing a habeas action in this court challenging the February 18, 2010, NHSC decision, expired no later than May 19, 2011, almost eight months before the instant habeas petition was filed on January 12, 2012. Accordingly, Claim 11, as set forth in the January 17 Order, is untimely.

## CONCLUSION

For the foregoing reasons, the court recommends that Respondent's "Motion to Dismiss Claim Eleven as Untimely" (doc. no. 27) should be granted and Claim 11, as identified in the Court's January 17, 2014 Order (doc. no. 24) should be dismissed.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

*[signature]*
Andrea K. Johnstone
United States Magistrate Judge

July 22, 2014

cc:   Saad Moussa, pro se
      Elizabeth C. Woodcock, Esq.